417 S.E.2d 651

**John WASSICK, Jr., Plaintiff
Below, Appellee,**

v.

**WEST VIRGINIA DEPARTMENT OF
PUBLIC SAFETY, Defendant
Below, Appellant.**

No. 20460.

Supreme Court of Appeals
of West Virginia.

Submitted May 6, 1992.

Decided May 15, 1992.

John R. Angotti and David J. Straface, Angotti & Straface, Morgantown, for appellee.

William E. Galeota, Morgantown, for appellant.

PER CURIAM:

The West Virginia Department of Public Safety (DPS) appeals from an order by the Circuit Court of Monongalia County which set aside a jury verdict in favor of the DPS and granted a new trial. The plaintiff below, John Wassick, Jr., alleged that the DPS had negligently damaged a number of slot machines it had seized from him. The circuit court was of the view that the jury should have found liability and noted that it could have directed a verdict for the plaintiff. We disagree.

In October, 1982, the DPS seized 131 slot machines owned by the plaintiff. The DPS claimed that the machines were gaming devices prohibited by W.Va.Code, 61–10–1 (1970). In May, 1983, the circuit court ruled that the machines were not gaming devices and were, therefore, improperly seized.

Before the machines could be returned to the plaintiff, they were seized by federal authorities who sought to declare them as contraband under 15 U.S.C. §§ 1172–1177. They were removed from DPS custody and transported by the federal government to the Federal Building in Clarksburg. The

federal case was settled some five years later, and the federal government returned approximately 117 of the machines to the plaintiff in 1988.

■ Thereafter, the plaintiff filed this suit claiming that the DPS had damaged the machines when they were seized and stored in its custody. At trial, the plaintiff presented testimony that the machines were damaged. On the other hand, the DPS produced testimony that some of the machines were in a damaged and defective condition when they were seized. According to the DPS, at the time of the seizure, the machines were located in the plaintiff's warehouse, and some were stacked on top of each other, while others were stored on their sides. The backs had been removed from a number of the machines. The DPS also brought out the fact that the federal government had the machines in its custody for a much longer period of time, i.e., over five years, and that several persons had had access to them. The jury returned a verdict in favor of the DPS on December 5, 1990.

■ The trial court's rationale in granting a new trial was that the evidence was insufficient to sustain a verdict for the DPS. Our rule with regard to reviewing the sufficiency of the evidence in a civil trial is set out in Syllabus Point 5 of *Orr v. Crowder,* 173 W.Va. 335, 315 S.E.2d 593

(1983), *cert. denied,* 469 U.S. 981, 105 S.Ct. 384, 83 L.Ed.2d 319 (1984):

"In determining whether there is sufficient evidence to support a jury verdict the court should: (1) consider the evidence most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved by the jury in favor of the prevailing party; (3) assume as proved all facts which the prevailing party's evidence tends to prove; and (4) give to the prevailing party the benefit of all favorable inferences which reasonably may be drawn from the facts proved."

*See also Pinnacle Mining Co. v. Duncan Aircraft Sales,* 182 W.Va. 307, 387 S.E.2d 542 (1989); *McClung v. Marion County Comm'n,* 178 W.Va. 444, 360 S.E.2d 221 (1987).

Here, there was sufficient evidence produced by the DPS to enable the jury to find that it was not negligent in its handling and storage of the machines.* Consequently, the trial court erred in setting aside the jury verdict, and its order is hereby reversed.

Reversed.

---

* The trial court's memorandum on the motion for new trial suggested the application of *Freshwater v. Booth,* 160 W.Va. 156, 233 S.E.2d 312 (1977), which dealt with an inadequate damage verdict. This case has no applicability where the jury properly finds no liability on the part of the defendant.